

PMC/RMY USAO#2013R00144

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | CRIMINAL NO. JKB-13-083 |
| v. : | |
| : | (Conspiracy Against Rights, 18 U.S.C. § |
| **JAMES KALBFLESH,** : | 241; Deprivation of Rights, 18 U.S.C. § |
| **JEREMY McCUSKER,** : | 242; Conspiracy, 18 U.S.C. § 371; False |
| **JASON WEICHT, and** : | Statements, 18 U.S.C. § 1001; |
| **WALTER STEELE,** : | Tampering with a Witness, 18 U.S.C. § |
| : | 1512; Aiding and Abetting, 18 U.S.C. § |
| **Defendants.** : | 2) |
| ...oOo... | **UNDER SEAL** |

### INDICTMENT

### COUNT ONE
(Conspiracy Against Rights)

The Grand Jury for the District of Maryland charges that:

#### Introduction

1. At all times relevant to this indictment, the Roxbury Correctional Institution ("RCI") in Hagerstown, Maryland, was a Maryland Division of Correction facility that housed inmates convicted of state crimes. Among other facilities, RCI had housing units and an area for segregation cells, commonly known as "ASIA."

2. On or about March 8-9, 2008, defendant **JASON WEICHT** was a Lieutenant at RCI.

3. On or about March 8-9, 2008, defendants **JAMES KALBFLESH, JEREMY McCUSKER,** and **WALTER STEELE** were on duty as correctional officers on the 11:00 p.m. to 7:00 a.m. ("midnight") shift at RCI.

4. KD was an inmate incarcerated at RCI on March 8-9, 2008.

5. On March 8, 2008, KD assaulted Correctional Officer TM.

6.     After this incident, KD was escorted to the medical unit and, ultimately, to a single-occupant cell in ASIA.

## The Charge

7.     On or about March 8 and 9, 2008, in the District of Maryland, defendants

**JAMES KALBFLESH,** and
**JEREMY McCUSKER,**

willfully combined, conspired and agreed with one another, and with other persons known and unknown to the grand jury, to injure, oppress, threaten, and intimidate inmate KD in the free exercise and enjoyment of rights secured by the Constitution of the United States; namely, the right not to be subjected to cruel and unusual punishment.

## Plan and Purpose of the Conspiracy

8.     It was the plan and purpose of the conspiracy that the defendants, aided and abetted by each other, would assault and injure inmate KD, to punish him for a prior incident involving Correctional Officer TM. To achieve the object of the conspiracy, the defendants agreed to enter KD's cell to assault KD.

## Overt Acts

9.     In furtherance of the conspiracy, and to effect the objects thereof, the defendants and other officers known and unknown to the grand jury committed the following overt acts, among others, at RCI in the District of Maryland:

   a.     On or about March 8, 2008, after learning at roll call that ASIA now housed an inmate who had assaulted an officer, defendants **KALBFLESH, McCUSKER,** and **STEELE** met in the medical unit with supervisor LH and other RCI officers known to the grand jury, and

2

discussed assaulting inmate KD in order to punish him for striking an officer during a prior shift.

  b. Later, on the midnight shift, defendant **McCUSKER** met supervisor LH and walked with LH to ASIA, where they joined defendant **KALBFLESH** and officers known to the grand jury, in preparation for an assault on inmate KD.

  c. Defendants **KALBFLESH** and **McCUSKER**, along with two RCI officers known to the grand jury, entered KD's cell, while officer RR stood at the door.

  d. Defendant **KALBFLESH** punched inmate KD.

  e. While officer PM restrained inmate KD, defendants **KALBFLESH** and **McCUSKER**, along with supervisor LH, assaulted KD. Officers punched and kicked KD in the head and body, causing bodily injury to KD, even though the inmate was inside a single-occupant cell and did not pose a threat to anyone.

18 U.S.C. § 241

## COUNT TWO
(Deprivation of Rights)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about March 9, 2008, in the District of Maryland, defendants

**JAMES KALBFLESH, and
JEREMY McCUSKER,**

while acting under color of law and while aided and abetted by each other, willfully deprived KD of the right, protected and secured by the Constitution of the United States, not to be subjected to cruel and unusual punishment. Specifically, the defendants, aided and abetted by each other and by officers known to the grand jury, assaulted KD inside his cell, resulting in bodily injury to KD.

18 U.S.C. §§ 242 and 2

## COUNT THREE
### (Conspiracy)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: From on or about March 9, 2008, through at least February 21, 2013, in the District of Maryland, defendants

**JAMES KALBFLESH,
JEREMY McCUSKER,
WALTER STEELE, and
JASON WEICHT,**

willfully combined, conspired, and agreed with each other, and with others known and unknown to the grand jury, to commit the following offenses against the United States, as charged in the remaining counts of the indictment and incorporated herein:

   a. to knowingly engage in misleading conduct toward another person with intent to hinder, delay, and prevent the communication of truthful information to a federal law enforcement officer and judge of information relating to the commission and possible commission of a federal offense, in violation of Title 18, United States Code, Section 1512(b)(3); and

   b. to knowingly and willfully make materially false statements and representations in a matter within the jurisdiction of the FBI, an agency of the executive branch of the United States, in violation of Title 18, United States Code, Section 1001.

### Plan and Purpose of the Conspiracy

3. It was the plan and purpose of the conspiracy that defendants **KALBFLESH, McCUSKER, STEELE,** and **WEICHT** would provide, and would encourage others to provide, false and misleading information about the March 9, 2008, beating of KD, and would omit, and

would encourage others to omit, material information in order to hide RCI officers' involvement in the injuries KD suffered during the midnight shift on March 8-9, 2008. It was further the plan and purpose of the conspiracy that the officers involved in the cover-up would provide, and would encourage others to provide, false and misleading statements when questioned about the events surrounding the midnight shift assault on KD.

## Overt Acts

4. In furtherance of the conspiracy, and to effect the objects thereof, the members of the conspiracy committed one or more of the following overt acts, among others, in the District of Maryland:

a. After the assault on inmate KD, defendants **KALBFLESH** and **McCUSKER** failed to write and submit use of force reports as required by RCI policy and procedure.

b. Defendant **WEICHT** spoke with officers known to the grand jury and encouraged them to get together with other involved officers to get their stories straight about the incident with KD.

c. Defendant **WEICHT** gave an officer known to the grand jury a list of home phone numbers for specific officers so that the officers could be contacted at home to schedule a meeting to get their stories straight.

d. Defendant **WEICHT** traveled to see an officer known to the grand jury and to deliver books on interview techniques, so that the officer would be able to mislead investigators who asked about RCI staff's involvement in the assault on KD.

e. After receiving a call inviting him to attend a meeting with other officers known

to the grand jury, defendant **STEELE** traveled to a McDonald's restaurant to meet other officers and discuss the false stories they would tell about the incident with KD.

 f. Defendant **KALBFLESH** traveled to a McDonald's restaurant in order to meet with other officers and discuss covering up their involvement in the assault on inmate KD.

 g. On November 25, 2008, defendant **STEELE** made false and misleading statements to an administrative law judge about his knowledge related to an assault on inmate KD.

 h. On February 12, 2013, defendant **STEELE** made false and misleading statements to federal authorities regarding his knowledge related to an assault on inmate KD.

 i. Defendant **McCUSKER** and officers known to the grand jury discussed covering up his role in the assault on inmate KD.

 j. On February 21, 2013, defendant **McCUSKER** made false and misleading statements to federal authorities regarding his knowledge of, and role in, an assault on inmate KD.

18 U.S.C. § 371

## COUNT FOUR
### (Tampering with a Witness)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about November 25, 2008, in the District of Maryland, defendant

## JEREMY McCUSKER,

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses charged in Counts 1 and 2. That is, defendant **McCUSKER** knowingly and intentionally misled an administrative law judge by: falsely stating that he had no firsthand knowledge of what had happened to inmate KD in ASIA on the midnight shift on March 8-9, 2008; falsely stating that he never saw anything unusual or out of the ordinary with regards to the activities of supervisor LH on March 8-9, 2008; providing a false and misleading account of his own conduct during the midnight shift on March 8-9, 2008; and falsely stating that he never talked to sergeant LH or anybody else about his own conduct during the midnight shift on March 8-9, 2008. In truth, as defendant **McCUSKER** then well knew, he had firsthand knowledge of, and had participated in, along with supervisor LH, an assault on inmate KD during the midnight shift on March 8-9, 2008, and had discussed with officers known to the grand jury how they would cover up their involvement in the assault.

18 U.S.C. § 1512(b)(3)

## COUNT FIVE
### (Tampering with a Witness)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about March of 2008, in the District of Maryland, defendant

**JASON WEICHT**,

knowingly engaged in misleading conduct towards supervisor LH and officer PM with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses alleged in Counts 1 and 2. Specifically, defendant **WEICHT** met with supervisor LH and officer PM and encouraged them to cover up their involvement, and the involvement of others, in the assault on KD.

18 U.S.C. § 1512(b)(3)

## COUNT SIX
### (Tampering with a Witness)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about November 25, 2008, in the District of Maryland, defendant

**WALTER STEELE**,

knowingly engaged in misleading conduct toward another person with the intent to hinder, delay, and prevent the communication to a federal law enforcement officer and federal judge of information relating to the commission and possible commission of the federal offenses charged in Counts 1 and 2. That is, defendant **STEELE** knowingly and intentionally misled an administrative law judge by falsely stating that, on March 8-9, 2008, he never heard anyone in ASIA talking about rolling in on inmate KD; and by falsely stating that, since the night of March 8-9, 2008, he had never discussed with anyone the alleged assault on inmate KD. In truth, as defendant **STEELE** then well knew, he had participated in a conversation on March 8-9, 2008, in which RCI officers talked about rolling in on inmate KD, and he had discussed with officers known to the grand jury how they would cover up their involvement in an assault on inmate KD.

18 U.S.C. § 1512(b)(3)

10

## COUNT SEVEN
## (False Statement)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about February 12, 2013, in the District of Maryland, defendant

## WALTER STEELE,

knowingly and willfully made materially false statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the Executive Branch of the United States, when he falsely told FBI agents investigating the assault on KD: (1) that, on March 8-9, 2008, he never saw or heard officers discuss assaulting inmate KD; and (2) that he never had participated in any conversations where officers discussed covering up information related to an assault on inmate KD. In truth, as defendant **STEELE** then well knew, he had participated in a conversation where officers had discussed assaulting inmate KD, and, later, had met with officers to discuss covering up their knowledge related to an assault on inmate KD.

18 U.S.C. § 1001

## COUNT EIGHT
### (False Statement)

1. Paragraphs 1 through 6 of Count One are realleged and incorporated by reference herein.

2. The Grand Jury for the District of Maryland further charges: On or about February 21, 2013, in the District of Maryland, defendant

### JEREMY McCUSKER

knowingly and willfully made materially false statements and representations in a matter within the jurisdiction of the Federal Bureau of Investigation (FBI), an agency of the Executive Branch of the United States, when he falsely told FBI agents investigating the assault on KD: (1) that during the midnight shift on March 8-9, 2008, he had no knowledge of an assault on KD; and (2) that he did not strike inmate KD, or see any other officer strike inmate KD, during the midnight shift on March 8-9, 2008; and (3) he had no knowledge of any meeting or conversation where midnight shift officers discussed covering up their involvement in the March 8-9 assault on KD. In truth, as defendant **McCUSKER** then well knew, he had assaulted, and seen other RCI officers assault, inmate KD on March 9, 2008, and he had later discussed, with other RCI officers, covering up their roles in the assault on KD.

18 U.S.C. § 1001

Rod J. Rosenstein
United States Attorney

Thomas E. Perez
Assistant Attorney General
Civil Rights Division
United States Department of Justice

A TRUE BILL:

**SIGNATURE REDACTED**

Foreperson

Date: February 26, 2013